# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### COLUMBIA DIVISION

| | | |
|---|---|---|
| Greenberg Investment Partnership, L.P., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:15-cv-05096-JMC |
| | ) | |
| v. | ) | |
| | ) | |
| Cary's Lake Homeowners Association; | ) | |
| Upper Rockyford Lake Owners | ) | **ORDER AND OPINION** |
| Association, Inc. f/k/a North Lake | ) | |
| Company, Inc.; Lake Elizabeth | ) | |
| Estates, Inc.; and Hartford Insurance | ) | |
| Company of the Midwest, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| _____ | ) | |

Plaintiff Greenberg Investment Partnership, L.P. ("Plaintiff") filed this action against Defendants Cary's Lake Homeowners Association; Upper Rockyford Lake Owners Association, Inc. f/k/a North Lake Company, Inc.; and Lake Elizabeth Estates, Inc. (collectively "Defendants") alleging causes of action for negligence, strict liability, and nuisance. Plaintiff additionally alleges bad faith and breach of contract claims against Defendant Hartford Insurance Company of the Midwest ("Hartford").

This matter is before the court on the Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) (2012) of Defendant Cary's Lake Homeowners Association ("Defendant").[1] (ECF No. 9.) For the reasons set forth below, the court **DENIES** Defendant's Motion to Dismiss (ECF No. 9).

---

[1] The court held a hearing on Defendant's Motion to Dismiss (ECF No. 9) on May 10, 2016. (ECF No. 51.)

## I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND[2]

Plaintiff operates a Richland County, South Carolina clothing business located downstream from Richland County dams that Defendants, collectively, own and manage. (ECF No. 37 at 2–3.)  The dams were intended to prevent the dispersal of water into downstream communities. (*Id.* at 3.)  After unprecedented rainfall in October 2015 in Richland County, these dams broke, causing an influx of water into the Columbia area.  (*Id.* at 3–4.)  Plaintiff's business was damaged as a result of the surge of water.  (*Id.* at 4.)

Plaintiff filed this action against Defendants, alleging causes of action for negligence, strict liability, and nuisance.  Defendant filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) specifically with respect to Plaintiff's negligence and strict liability claims (ECF No. 9), to which Plaintiff filed a Response in Opposition (ECF No. 33).  Defendant thereafter filed a Reply (ECF No. 34.)  After Plaintiff then filed an Amended Complaint (ECF No. 37), Defendant renewed and incorporated its Motion to Dismiss (ECF No. 9).  (ECF No. 39.)  The court considers the Motion to Dismiss (ECF No. 9) below.

## II.    JURISDICTION

Because this action, in part, implicates a federal question,[3] (*see* ECF No. 1 at 3–8), this court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (2012) and 28 U.S.C. § 1367(a) (2012) (stating that when a plaintiff has alleged both federal and state claims, a

---

[2] The relevant facts referenced from the Complaint in this section are taken as true only for the purposes of Defendant's Motion to Dismiss (ECF No. 9).  *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) ("When ruling on a Rule 12(b)(6) motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." (quotations omitted).)

[3] The Federal Emergency Management Agency authorizes Defendant Hartford to issue standard flood insurance policies ("SFIPs"), like the one in dispute here, on behalf of the federal government. (ECF No. 1 at 3–6.)  The SFIP is a codified federal law found at 44 C.F.R. Part 61, App. A(3) (Oct. 1, 2004 ed.).  In its Notice of Removal, Defendant Hartford also argues that federal jurisdiction is appropriate under 42 U.S.C. § 4072 (2012) and 28 U.S.C. § 1337 (2012). (ECF No. 1 at 6–7.)

district court may exercise supplemental jurisdiction over the state claims if they form "part of the same case or controversy" as the federal claim); *see also White v. Cnty. of Newberry*, 985 F.2d 168, 171 (4th Cir. 1993) (observing that a district court may exercise supplemental jurisdiction over claims that "the plaintiff would ordinarily be expected to try . . . in one judicial proceeding").

### III.    LEGAL STANDARD

A.    Fed. R. Civ. P. 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (2012).

A court should not grant a Rule 12(b)(6) motion unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999); *Mylan Labs., Inc.*, 7 F.3d at 1134.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Courts commonly refer to this as the *Twombly/Iqbal* standard for federal pleading a plaintiff needs to overcome to survive a Rule 12(b)(6) dismissal.

## IV.    THE COURT'S ANALYSIS

B.    <u>Negligence Claim</u>

Defendant first argues that Plaintiff fails to state any factual basis to support its allegations of negligence.  (ECF No. 9 at 3.)  Plaintiff counters that it has alleged "more than enough facts and inferences" to "prevail on all of its causes of action."  (ECF No. 20 at 3.)  In response, Defendant contends that Plaintiff's allegations are "mere recitals of a negligence cause of action, and do not satisfy the federal pleading standard."  (ECF No. 27 at 3.)  Defendant further asserts in response that Plaintiff "appeals to an improper standard of review" by relying on South Carolina caselaw and South Carolina's Rules of Civil Procedure.  (*Id.* at 1.)

Defendant's arguments fail.  Again, Plaintiff need only allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft*, 556 U.S. at 678.  Moreover, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In order to state such a claim for negligence under Fed. R. Civ. P. 12(b)(6) in South Carolina, a plaintiff must allege the following: (1) a duty of due care; (2) a breach of that duty by a negligent act or omission; (3) the defendant's breach was the actual and proximate cause of the plaintiff's injury; and (4) the plaintiff suffered an injury or damages.  *Andrade v. Johnson*, 356 S.C. 238, 245 (S.C. 2003).  To establish negligence, the plaintiff must prove that the defendant

failed to exercise due care in some respect. *Sunvillas Homeowners Ass'n, Inc. v. Square D Co.*, 301 S.C. 330, 333 (S.C. 1990). Due care is that degree of care which a person of ordinary prudence and reason would exercise under the same circumstances. *See Hart v. Doe*, 261 S.C. 116 (S.C. 1973).

In its Amended Complaint (ECF No. 37), Plaintiff alleges the following:

> Under both the SC Dams and Reservoirs Safety Act, S.C. Code Ann. 49-11-110, et seq., (2008) and Dams and Reservoirs Safety Act Regulations, 72-1, et seq. (2012) "an owner at its own expense has responsibility for maintaining a dam, reservoir and appurtenant works in a properly functioning and safe condition throughout the life of the structures." Defendant Cary's Lake Homeowners Association owed a duty to Plaintiffs [sic], and others living and/or doing business downstream of its dam, to properly construct, maintain, monitor, operate and/or otherwise safely manage its dam to ensure the safety of those who may foreseeably fall victim to its potential failure. Plaintiffs' [sic] business sustained severe damage in the days following the breakage of Defendant Cary's Lake Homeowners Association's dam, which allowed an enormous amount of muddy water to flow through it and eventually into Plaintiffs' [sic] business. The damage to Plaintiffs' [sic] business was foreseeable and directly and proximately caused by the breakage of these manmade dams and Defendant Cary's Lake Homeowners Association's failure to properly construct, maintain, monitor, operate and/or otherwise safely manage its dam in a reasonable manner. As a result of this [sic] Defendant Cary's lake Homeowners Association's negligence, Plaintiffs [sic] seek actual damages according to proof presented at trial; punitive damages as determined by the trier of fact; pre-judgment interest; attorneys' fees and costs; & such other and further relief as this Court deems just and proper.

(ECF No. 37 at 5–6).

It is clear that Plaintiff has alleged the necessary elements, supported by sufficient factual matter, to state a cause of action for negligence. Specifically, Plaintiff grounds its negligence claim in Defendant Cary's Lake Homeowners Association's "failure to properly construct, maintain, monitor, operate and/or otherwise safely manage its dam in a reasonable manner." (ECF No. 37 at 5–6.) Plaintiff also specifically alleges that the "release of contained water was not due to a breach of the dam because of the height of the water but rather due to the failed and

eroded construction of the body of the dam itself, as well as a lack of maintenance needed to protect its integrity." (*Id.* at 3.)

Despite Defendant's assertions that Plaintiff's pleadings fail under the *Twombly/Iqbal* standard, the fact is that "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need *detailed* factual allegations" to avoid being an impermissible "formulaic recitation of a cause of action's elements." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2006) (bracketing omitted) (emphasis added). Plaintiff's negligence claims is not the kind of "unadorned, the-defendant-unlawfully-harmed-me accusation" that fails to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This court might reach a different conclusion if Plaintiff's allegations, for example, failed to mention any of the elements required for a negligence claim, alleged no facts supporting the elements, or limited its allegations to a conclusory statement that it was "a victim of Defendant's negligence." *See, e.g.*, *Tohotcheu v. Harris Teeter, Inc.*, 2011 WL 5873074, at *4 (E.D. Va. 2011) (dismissing an employment discrimination claim for those reasons). But Plaintiff's allegations here do no such things.

This court's conclusion regarding the sufficiency of Plaintiff's pleadings aligns with other district court evaluations of pleadings under similar facts and claims. In *Kmart Corp. v. R.K. Hooksett, LLC*, 2010 WL 610994, at *1–2 (D.N.H. 2010), for example, the court denied a motion to dismiss involving the plaintiff's negligence claim for flooding damage. Specifically, the district court in that case rejected the defendant's notion that to fulfill the *Twombly/Iqbal* standards for a negligence claim, the plaintiff needed to specify in its complaint *how* the defendant's drainage system was inadequate or *how* it caused the flooding. *Id.*; *compare also Miller v. Se. Supply Header, LLC*, No. 09–0067, 2010 WL 55637, at *3 (S.D. Ala. Jan. 4, 2010) (applying the *Twombly/Iqbal* standard and denying dismissal of a negligence claim arising from

the flooding on the plaintiffs' property because "the facts have been sufficiently developed . . . to draw the reasonable inference that the defendant is liable for the misconduct alleged"), *with Vill. of DePue, Ill. v. Viacom Int'l, Inc.*, 632 F. Supp. 2d 854, 864–65 (2009) (applying *Twombly* and dismissing a trespass claim because even though the plaintiff alleged the migration of substances from the defendants' property, the plaintiff did not allege tortious conduct).

Even in analyzing the sufficiency of negligence claims and pleadings under different factual circumstances, courts in this district have reached similar conclusions upon application of the *Twombly*/*Iqbal* pleading standard.  In *Thomas v. Stryker Corporation*, for example, the court considered the plaintiff's products liability negligence claim and found sufficient her allegations that '[the] [d]efendant's product was in a defective condition, and/or unreasonably dangerous at the time it was inserted into [the] [p]laintiff's body;' that as a result, '[the] plaintiff suffered and continues to suffer actual damages;' that '[d]efendant had a duty to exercise reasonable care to adopt a safe design of its products;' and that the defendant breached its duty 'when it sold an unsafe, defective, and/or unreasonably dangerous product.' 2016 WL 1600122, at *2 (D.S.C. 2016) (denying the defendant's motion to dismiss with regard to the negligence claim).  In doing so, that district court rejected the defendant's verbatim arguments that 'the [c]omplaint lacks any factual information regarding how and/or in what way the hardware allegedly manufactured by [] [the] [d]efendant was unsafe, defective or unreasonably dangerous' and that 'the complaint did not contain facts relating to any negligence on the part of [d]efendant.'  *Id.* (noting that the plaintiff would have the opportunity to establish further facts through discovery).

While "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" this "standard is not akin to a 'probability requirement,'" and asks only for "more than a sheer possibility that a defendant has acted

unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   Here, Defendant's argument that the South Carolina Department of Health and Environmental Control report[4] indicating that the dam in dispute was in compliance with state regulations—to the extent that the report is authoritative—at best may make less probable Plaintiff's claim that Defendant's negligence caused flooding that damaged Plaintiff's property.  But the report does not singlehandedly preclude the negligence claim from being "plausible on its face" such that dismissal is appropriate at this time.  *Iqbal*, 556 U.S. at 678 (quotations omitted).

The Court of Appeals for the Fourth Circuit has stated that a complaint must "plead sufficient facts to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct."  *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009) (quotations omitted).  Accepting Plaintiff's allegations as true and considering the applicable law, this court finds that Plaintiff indeed has alleged "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  As such, Defendant's Motion to Dismiss with respect to Plaintiff's negligence claim is denied.

C.    Strict Liability Claim

Second, Defendant argues that Plaintiff's strict liability claim against it should be dismissed because South Carolina has not extended strict liability beyond the products liability context.  (ECF No. 9 at 3.)  Defendant further asserts that neither of the statutes Plaintiff cites in support of its strict liability claim actually provide for a strict liability cause of action.  (*Id.* at 6.)

Citing South Carolina state caselaw, Plaintiff counters that "whether an activity is abnormally dangerous must be determined on a case by case basis."  (ECF No. 20 at 4–5.)

---

[4] ECF No. 37-2 (Ex. B).

Plaintiff further explains that Defendant's dam was abnormally dangerous in this case because the damage to Plaintiff's business "was foreseeably and directly and proximately caused by the breakage of [Defendant]'s abnormally dangerous manmade dams, as [the dams] were improperly constructed, maintained, monitored, operated and/or otherwise managed in an unreasonable manner." (*Id.*) As with the negligence claim, Defendant contends in response that Plaintiff's allegations are "formulaic recitals legal elements [sic] and do not satisfy the federal [pleading] standard." (ECF No. 27 at 3.)

But as with Plaintiff's negligence claim, Defendant's argument fails. South Carolina's common law recognition of strict liability, indeed, "is limited to a few narrowly defined categories such as cattle trespass, public callings, certain kinds of nuisances, and ultra-hazardous activities." *Ravan v. Greenville Cnty.*, 315 S.C. 447, 460 (S.C. Ct. App. 1993) (citing *Snow v. City of Columbia*, 305 S.C. 544 (S.C. Ct. App. 1991)). However, although it appears that neither the South Carolina Legislature nor the South Carolina Supreme Court has declared that one engaged in constructing, maintaining, or managing a dam is strictly liable for damages caused by those activities, the designation of an activity as abnormally dangerous nonetheless is decided on a case-by-case basis. *Id.* at 562 (citing *T & E Indus., Inc. v. Safety Light Corp.*, 123 N.J. 371 (N.J. 1991)). Moreover, authorities are split regarding whether the judge or the jury should make the decision. *Id.* (citing *Erbrich Prods. Co. v. Wills*, 509 N.E.2d 850, 857 (Ind. Ct. App. 1987)). Thus, because neither the South Carolina Supreme Court nor the South Carolina Legislature has directly outlined the parameters of an abnormally dangerous activity, this court declines granting Defendant's Motion to Dismiss on the grounds that its activities definitively do not qualify as abnormally dangerous. *See Courtney v. Ingersoll-Rand Co.*, 2011 WL 52596, at *7–8 (D.S.C.

2011) (relying on the same rationale to deny the defendants' motion for summary judgment regarding the plaintiff's strict liability claim).

Nonetheless, Plaintiff still must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" with regard to its strict liability claim to survive Defendant's Motion to Dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In its Amended Complaint (ECF No. 37), Plaintiff alleges the following with regard to its strict liability claim:

> Under both the *SC Dams and Reservoirs Safety Act*, S.C. Code Ann. 49-11-110, et seq., (2008) and *Dams and Reservoirs Safety Act Regulations*, 72-1, et seq. (2012) "an owner at its own expense has responsibility for maintaining a dam, reservoir and appurtenant works in a properly functioning and safe condition throughout the life of the structures." Defendant Cary's Lake Homeowners Association's dam was abnormally dangerous as it was improperly constructed, maintained, monitored, operated and/or otherwise managed its dam to ensure the safety of those who may foreseeably fall victim to its potential failure. Plaintiffs' [sic] business sustained severe damage in the days following the breakage of Defendant Cary's Lake Homeowners Association's dam, which allowed an enormous amount of muddy water to flow through it and eventually into Plaintiffs' business. The damage to Plaintiffs' [sic] business was foreseeable and directly and proximately caused by the breakage of these abnormally dangerous manmade dams, as they were improperly constructed, maintained, monitored, operated and/or otherwise managed in an unreasonable manner. As a result of the failure of these abnormally dangerous dams, Plaintiffs [sic] seek actual damages according to proof presented at trial.

(ECF No. 37 at 8–9.)

For the same reasons already discussed, *supra*, with regard to Plaintiff's negligence claim, this court finds that Plaintiff has alleged the necessary elements to state a cause of action for strict liability. *See Werner v. Upjohn Co., Inc.*, 628 F.2d 848, 858 (4th Cir. 1980) (observing generally that the "elements of both [negligence and strict liability] are the same" except that for negligence, the plaintiff must show a breach of a duty of due care by the defendant while for strict liability, a plaintiff must demonstrate "unreasonabl[e] danger[]"); *see also Thomas v.*

*Stryker Corporation*, 2016 WL 1600122, at *2 (D.S.C. 2016) (finding sufficient the plaintiff's strict products liability allegations that '[the] defendant's product was in a defective condition, and/or unreasonably dangerous at the time it was inserted into [the] [p]laintiff's body' and that as a result, '[the] [p]laintiff suffered and continues to suffer actual damages').

Defendant's Motion to Dismiss with respect to Plaintiff's strict liability claim therefore is also denied.[5]

D.    "Act of God" Defense

Finally, Defendant argues that all three of Plaintiff's claims against it should be dismissed because the rainfall causing the damage was an "act of God" that exculpates Defendant of any liability.  (ECF No. 9 at 3.)  Defendant further emphasizes that under South Carolina law, "heavy, unprecedented rainfall is an Act of God for which no damages may be recovered from a

---

[5] Neither in its briefing nor at the hearing on this matter does Defendant address whether it also challenges the sufficiency of Plaintiff's pleading regarding the nuisance cause of action against it, specifically.  Nonetheless, in a catchall sentence of its Motion to Dismiss, Defendant does state: "The Complaint as to Cary's Lake should be dismissed in its entirety pursuant to Rule 12(b)(6), FRCP, because the Plaintiff fails to state a cause of action upon which relief can be granted."  (ECF No. 9 at 3.)  To the extent that this statement reflects Defendant's intention to argue that Plaintiff's nuisance cause of action also should be dismissed under Fed. R. Civ. P. 12(b)(6), the court finds that its argument fails. Plaintiff alleges that Defendant Cary's Lake Homeowners Association's "use and negligent construction and maintenance of its property . . . were unreasonable and unwarranted," that it "caused a substantial and unreasonable interference with Plaintiffs' use and enjoyment of his [sic] property," and that it "caused substantial damage to Plaintiffs' property." (ECF No. 37 at 11–12.)   Considering these claims and Plaintiff's supporting factual allegations, this court is satisfied that Plaintiff meets the federal pleading standards for its nuisance cause of action.  *See FOC Lawshe Ltd. P'ship v. Int'l Paper Co.*, 352 S.C. 408, 413–14 (S.C. Ct. App. 2002) (defining nuisance as "a substantial and unreasonable interference with the plaintiff's use and enjoyment" and explaining that the "appropriate analysis" for determining the sufficiency of a nuisance cause of action in that case was whether the defendant had "complete control over the land" and whether the alleged nuisance "necessarily results from the ordinary use of the lands"); *see also Spinner v. Adams*, 2004 WL 6248741, at *2 (S.C. Ct. App. 2004) ("To establish a nuisance, a landowner traditionally must demonstrate the defendant unreasonably interfered with the ownership or use of the plaintiff's land.").

Defendant," and notes one District Court of South Carolina that has recognized as much. (*Id.* at 6–7.) Defendant concludes that it therefore cannot be held liable for Plaintiff's damages as a matter of law. (*Id.* at 7.)

Plaintiff refutes Defendant's assertion in this regard. (ECF No. 20 at 5–6.) Specifically, Plaintiff relies on caselaw for the conclusion that when damages result from a combination of a defendant's negligence and unprecedented rainfall, liability still can ensue. (*Id.* at 6.) Plaintiff further argues that the "act of God" defense is an affirmative defense and that, accordingly, Defendant has the burden of proving that the unprecedented rainfall, as such an act, was the "sole cause of injury" in this case and that Defendant was completely without negligence liability. (*Id.* at 6–7.)

This court finds unavailing Defendant's argument as to its "act of God" defense in this case, especially as a basis for granting its Motion to Dismiss. As Plaintiff points out, the authority on which Defendant relies also makes clear:

> [W]here the negligence of the defendant . . . during unprecedented and unforeseeable storm or rainfall is a contributing factor in producing injury—that is when the injury resulted from a combination of the defendant's negligence acting in concert with some natural force such as an unprecedented storm the defendant is not relieved from liability, since an act of God which exculpates the owner of a dam must be such an act as constitutes the sole cause of the injury.

*Key Sales Co. v. South Carolina Elec. & Gas Co.*, 290 F. Supp. 8, 24 (D.S.C. 1968). Therefore, even assuming that the October 2015 rainfall was sufficiently momentous for the "act of God" defense to be applicable here, it has yet to be determined, at this juncture of the case, if any negligence on Defendant's part was a contributing cause to the injuries Plaintiff alleges in this matter.

## V.    CONCLUSION

For the reasons set forth above, the court hereby **DENIES** Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). (ECF No. 9.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

May 13, 2016
Columbia, South Carolina