IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Greenberg Investment Partnership, L.P., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | C/A No.: 3:15-cv-5096-JMC |
| | ) | |
| Cary's Lake Homeowners Association, North Lake Company, Inc., Lake Elizabeth Estates, Inc. and Hartford Insurance Company of the Midwest, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **ORDER OF REMAND**

This matter is before the court on Plaintiff's Motion to Remand this matter to state court. Defendants in this matter consent to Plaintiff's Motion. For the reasons set forth herein, the court **GRANTS** Plaintiff's Motion to Remand.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S. Code § 1447(c). In this matter, Plaintiff filed his Complaint against Defendants on November 12, 2015, in the South Carolina Court of Common Pleas in Richland County, case number 2015-CP-40-06814 (ECF No. 1). On December 30, 2015, Defendant Hartford Insurance Company of the Midwest removed this matter based on federal question jurisdiction pursuant to the National Flood Insurance Act of 1968, 42 U.S.C. § 4001, *et. seq*. (ECF No. 1). Plaintiff with the consent of the Defendants filed a Stipulation of Dismissal, which dismissed Hartford Insurance Company of the Midwest from this action. (ECF No. 55). Therefore, as of July 12, 2016, Hartford Insurance Company of the Midwest was no

longer a party to this action and the claims against Hartford Insurance Company of the Midwest were dismissed with prejudice removing federal question jurisdiction in this action.

Diversity jurisdiction is also lacking between the remaining parties. Plaintiff is a South Carolina Limited Partnership. The remaining Defendants are also South Carolina citizens. The court previously remanded claims against the same remaining Defendants in Civil Action Numbers 3:16-cv-00880-JMC and 3:16-cv-00883-JMC. In both of those cases, once the diverse insurance company defendant was severed, with the corresponding claims removed, the Plaintiff's claims against the remaining defendants were remanded back to state court. Because there is no question of federal law between Plaintiff and the remaining Defendants and because no diversity jurisdiction exists between them, this court must remand to state court Plaintiff's tort claims against the remaing Defendants.

## CONCLUSION

Based on the aforementioned reasons, the court hereby GRANTS Plaintiff's Motion to Remand (ECF No. 56) and **REMANDS** Plaintiff's claims against Cary's Lake Homeowners Association; Upper Rockyford Lake Owners Association, Inc., f/k/a North Lake Company, Inc.; and Lake Elizabeth Estates, Inc. to state court for further proceedings and for rulings on any motions relevant to these Defendants.

**IT IS SO ORDERED.**

s/J. Michelle Childs
J. Michelle Childs
United States District Judge

July 21, 2016
Columbia, South Carolina